1  HANSON BRIDGETT LLP
   SANDRA L. RAPPAPORT, SBN 172990
2  EMILY H. FULMER, SBN 279419
   425 Market Street, 26th Floor
3  San Francisco, California 94105
   Telephone:    (415) 777-3200
4  Facsimile:    (415) 541-9366

5  Attorneys for Defendants LEPRINO FOODS
   COMPANY and LEPRINO FOODS DAIRY
6  PRODUCTS COMPANY

7

8              **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

10

11  JERROD FINDER, an individual,          CASE NO.

12              Plaintiff,                 **DEFENDANTS LEPRINO FOODS
                                           COMPANY AND LEPRINO FOODS
13        v.                               DAIRY PRODUCTS COMPANY'S
                                           NOTICE OF REMOVAL UNDER 28
14  LEPRINO FOODS COMPANY, a Colorado      U.S.C. § 1441(a)**
    Corporation; LEPRINO FOODS DAIRY       **(Federal Question)**
15  PRODUCTS COMPANY, a Colorado
    Corporation; and DOES 1 through 50,    (Kings County Superior Court
16  inclusive,                             Case No. Case No. 15C-0016)

17              Defendants.

18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF JERROD

20  FINDER AND HIS COUNSEL OF RECORD:

21        PLEASE TAKE NOTICE that Defendants Leprino Foods Company and Leprino Foods

22  Dairy Products Company ("Defendants"), by their undersigned attorneys, hereby remove to this

23  Court the state court action described below:

24        1.    Jurisdiction:  This action is a civil action of which this Court has original

25  jurisdiction under 28 U.S.C. section 1331 and is one that may be removed to this Court from the

26  Superior Court of the State of California, County of Kings, where the action was initiated.  This

27  action may be removed by Defendants pursuant to the provisions of 28 U.S.C. sections 1441(a)

28  and 1446.

a. Federal district courts have original jurisdiction over cases founded on a claim or right arising under federal law, regardless of citizenship or diversity. 28 U.S.C. section 1331. When a case involving a federal question is brought in state court, the Defendants may remove it to the federal district court embracing the place where the state court action is pending. 28 U.S.C. section 1441(a).

b. In this civil action, Plaintiff Jerrod Finder ("Plaintiff") alleges that Defendants violated the Family and Medical Leave Act, 29 U.S.C. sections 2601, *et seq*. *See* Exhibit A, Plaintiff's Complaint ¶¶ 33-46. Resolving these claims requires the application of federal law. Therefore, the Family and Medical Leave Act grants this court original jurisdiction over Plaintiff's claims.

2. State Court Action:

a. On January 28, 2015, Plaintiff filed this civil action in the Superior Court of the State of California for the County of Kings, entitled *Jerrod Finder v. Leprino Foods Company and Leprino Foods Dairy Products Company*, Case No. 15C-0016. A true and correct copy of Plaintiff's Complaint For Damages, Injunctive Relief, and Restitution is attached hereto as Exhibit A. His Complaint asserts eleven (11) causes of action: (1) interference with rights under the California Family Rights Act, California Government Code §§ 12945.2, *et seq*.; (2) retaliation for taking leave under the California Family Rights Act, California Government Code §§ 12945.2, *et seq*.; (3) interference with rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*.; (4) retaliation for taking family and medical leave, 29 U.S.C. §§ 2601, *et seq*.; (5) disability discrimination in violation of the California Fair Employment and Housing Act, California Government Code §§ 12940, *et seq*.; (6) failure to provide reasonable accommodation in violation of California Government Code

§§ 12940, *et seq*.; (7) failure to engage in the interactive process, California Government Code §§ 12940, *et seq*.; (8) retaliation in violation of the FEHA; (9) failure to prevent harassment or discrimination in violation of the California Fair Employment and Housing Act; (10) wrongful termination in violation of public policy; and (11) promissory estoppel.

b.      The first date on which Defendants received a copy of the Complaint was February 3, 2015, when they were served with a copy of the state court Complaint and Summons.  A true and correct copy of the Summons personally served on Defendants on February 3, 2015, is attached hereto as Exhibit C.

c.      On February 18, 2015, Defendants filed an Answer to Plaintiff's unverified Complaint in the Superior Court of California, County of Kings.  A true and correct copy of Defendants' Answer is attached hereto as Exhibit E.

3.      <u>Timeliness</u>:  This Notice of Removal is timely because no more than thirty (30) days have elapsed since Defendant was served with a copy of the Complaint.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999).

4.      <u>Venue</u>:  Venue lies in the Fresno Division for the United States District Court for the Eastern District of California in that the state complaint was filed and is pending in the Superior Court of California, County of Kings, which is within this judicial district and division. 28 U.S.C. §§ 1441, 1446(a).

5.      <u>State Court Documents</u>:  Pursuant to the provisions of 28 U.S.C. section 1446(a), Defendants attach and incorporate herein by reference the following documents, which comprise all the papers filed in the Superior Court of California, County of Kings, prior to the filing of this Notice of Removal:

a.      Complaint For Damages, Injunctive Relief And Restitution, filed January 28, 2015 (Exhibit A);

b.      Civil Case Cover Sheet, filed January 28, 2015 (Exhibit B);

1         c.      Summons, filed January 28, 2015, (Exhibit C);

2         d.      Notice of Judicial Assignment and Case Management Conference, filed on

3                 February 2, 2015 (Exhibit D);

4         e.      Defendants Leprino Foods Company and Leprino Foods Dairy Products

5                 Company's Answer to Complaint and Affirmative Defenses, filed

6                 February 18, 2015 (Exhibit E);

7         f.      Proof of Service by personal service as to Karen McTravish, authorized to

8                 accept for Leprino Foods Company on February 3, 2015, filed on

9                 February 17, 2015 (Exhibit F); and

10        g.      Proof of Service by personal service as to Karen McTravish, authorized to

11                accept service for Leprino Foods Dairy Products Company on February 3,

12                2015, filed on February 17, 2015 (Exhibit G).

13     6.    <u>Filing with State Court</u>:  A copy of this Notice of Removal will be filed with the

14 Clerk of the Superior Court of California, County of Kings, in accordance with 28 U.S.C.

15 § 1446(d).

16     7.    <u>Service</u>:  Written notice and Proof of Service of this filing of this Notice of

17 Removal by Defendants has been or will be served to all parties as required by 28 U.S.C.

18 § 1446(d).

19     10.    <u>Notice of Related Case</u>: This case is related to U.S.D.C. Eastern District of

20 California Case No. 1:13-cv-02059-AWI-BAM, *Jerrod Finder v. Leprino Foods Company, et al.*,

21 which is currently before Judge Anthony W. Ishii.  Defendants will file a Notice of Related cases

22 pursuant to Local Rule 123, which will request that the Court designate this case related to Case

23 No. 1:13-cv-02059-AWI-BAM.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1    WHEREFORE, Defendants respectfully request that this action now proceed against it in

2    this Court as an action properly removed.

3

4    DATED:  February 26, 2015                    HANSON BRIDGETT LLP

5

6

7    By:    _____/s/ Emily H. Fulmer_____

                                SANDRA L. RAPPAPORT
8                               EMILY H. FULMER
                        Attorneys for Defendants LEPRINO FOODS
9                       COMPANY and LEPRINO FOODS DAIRY
                                PRODUCTS COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Morris Nazarian (SBN 230275)
LAW OFFICES OF MORRIS NAZARIAN
1925 Century Park East, Suite 2120
Los Angeles, California 90067
Telephone: (310) 284-7333
Facsimile: (310) 284-7332

Attorney for Plaintiff
**JERROD FINDER**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF KINGS

JERROD FINDER, an individual,

    Plaintiff,

vs.

LEPRINO FOODS COMPANY, a Colorado
Corporation; LEPRINO FOODS DAIRY
PRODUCTS COMPANY, a Colorado
Corporation; and DOES 1 through 50,
inclusive,

    Defendants.

CASE NO:

**15 C0016**

COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND
RESTITUTION:

1.    **INTERFERENCE WITH
RIGHTS UNDER THE CALIFORNIA
FAMILY RIGHTS ACT, CAL. GOV'T
CODE §§ 12945.2 ET SEQ.**

2.    **RETALIATION FOR TAKING
LEAVE UNDER THE CALIFORNIA
FAMILY RIGHTS ACT, CAL. GOV'T
CODE §§ 12945.2 ET SEQ.**

3.    **INTERFERENCE WITH
RIGHTS UNDER THE FAMILY AND
MEDICAL LEAVE ACT, 29 U.S.C. §
2601 ET SEQ.**

4.    **RETALIATION FOR TAKING
FAMILY AND MEDICAL LEAVE, 29
U.S.C. § 2601 ET SEQ.**

5.    **DISABILITY DISCRIMINATION
IN VIOLATION OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING
ACT, CAL. GOV.T CODE § 12940, ET
SEQ.**

6.    **FAILURE TO PROVIDE
REASONABLE ACCOMMODATION IN
VIOLATION OF CAL. GOV'T CODE §
§ 12940, ET SEQ.**

7.    **FAILURE TO ENGAGE IN THE
INTERACTIVE PROCESS, CAL. GOV.**

-1-

CODE §§ 12940, ET SEQ.

8.    RETALIATION IN VIOLATION OF THE FEHA

9.    FAILURE TO PREVENT HARASSMENT OR DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

10.    WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

11.    PROMISSORY ESTOPPEL

**DEMAND FOR JURY TRIAL**

Plaintiff JERROD FINDER ("Plaintiff") hereby brings his complaint for causes of action against each of the above named Defendants and states and alleges as follows:

## I.
## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff JERROD FINDER ("FINDER" or "PLAINTIFF") is an adult male and a resident of the State of California.

2.    Defendant LEPRINO FOODS COMPANY is a Colorado Corporation located in and conducting business in the State of California.

3.    Defendant LEPRINO FOODS DAIRY PRODUCTS COMPANY is a Colorado Corporation located in and conducting business in the State of California.

4.    The true names and capacities of Defendants DOES 1 through 20 are unknown to Plaintiff, who, therefore, sues these DOES by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible to Plaintiff in some manner for the matters described in this Complaint.

5.    At all times described in this Complaint, and in all the matters alleged, Defendants LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY, and Does 1-20 (Collectively "Leprino" or "Defendants"), and each of them, were the agents or employees of each of

-2-

the remaining Defendants, and were at all times acting within the scope of that agency and employment, and each Defendant has ratified the acts of his/her/its co-Defendants.

6.      At all relevant times, Plaintiff was an "employee" as defined by 29 U.S.C. § 203 (e) and California Gov't Code §12926 (c).

7.      At all relevant times, Defendants were "employers" as defined by 29 U.S.C. § 203(d) and California Government Code § 12926(d).

8.      Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, Defendants employed more than fifty employees, subjecting Defendants to the provisions of the California Family Rights Act ("CFRA") under California Government Code Section 12945.2 and the federal Family and Medical Leave Act ("FMLA") under 29 U.S.C. §§ 2601 *et seq.*

9.      Plaintiff timely exhausted his administrative remedies before filing this Complaint by filing a complaint with the Department of Fair Employment and Housing and receiving a right to sue.

## II.

## INTRODUCTORY ALLEGATIONS

10.      Plaintiff was employed by Defendants from approximately December 2004 through approximately June 2013 as an hourly paid non-exempt employee earning approximately $23.38 per hour.

11.      In August 2012, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) in which he alleged that Defendants were guilty of discrimination on the basis of race.

12.      Defendants have a point system for attendance and tardiness.

13.      During Plaintiff's employment with Defendants, Plaintiff informed Defendant that he suffered from a disability, namely ulcerative gastritic. Some of the points accumulated due to the Plaintiff's absence or tardiness that resulted in Plaintiff's termination were related to his disability.

14.      During Plaintiff's employment with Defendants, Plaintiff also informed Defendants that he was going to be absent from work due to a serious health condition under FMLA/CFRA for himself or a close family member. Some of the absences that resulted in Plaintiff's termination qualified as protected leave under FMLA/CFRA.

--3--

## FIRST CAUSE OF ACTION
### INTERFERENCE WITH RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT
### (CAL. GOV'T CODE § 12945.2)

**[Against ALL DEFENDANTS]**

15.     Plaintiff realleges the information set forth in Paragraphs 1-14 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

16.     California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for a child, spouse or parent with a serious health condition, or to care for an employee's own serious health condition.

17.     At the time Plaintiff requested the leaves of absence, Plaintiff had more than 12 months of service with Defendants and over 1250 hours of service with Defendants during the previous 12-month period. Plaintiff was an "eligible employee" as defined by the CFRA and was entitled to up to 12 weeks of leave.

18.     Prior to taking a leave of absence, Plaintiff informed Defendants of the reasons he was requesting the leaves of absence, which qualified as valid reasons to take CFRA Leave.

19.     Some of the points accumulated due to the Plaintiff's absence in 2013, which resulted in Plaintiff's termination were related to his own serious health condition or due to the care of his wife's serious health condition.

20.     Defendants interfered with Plaintiff's leave by assessing a point for requesting the leaves of absence and or taking the leaves of absence, writing up, retaliating against and terminating Plaintiff. Defendants' actions were willful and a violation of the CFRA.

21.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

22.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

-4-

COMPLAINT FOR DAMAGES

embarrassment.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

23.    As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

24.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

## SECOND CAUSE OF ACTION
### RETALIATION FOR TAKING LEAVE UNDER CALIFORNIA FAMILY RIGHTS ACT (CAL GOV'T CODE § 12945.2)

### [Against ALL DEFENDANTS]

25.    Plaintiff realleges the information set forth in Paragraphs 1-24 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

26.    Plaintiff was written up, retaliated against and terminated for requesting and taking a protected leave under Cal. Gov't. Code § 12945.2. Defendants' actions were willful and a violation of the FMLA.

27.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

28.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

–5–

embarrassment. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

29.     As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

30.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

## THIRD CAUSE OF ACTION
## INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601 ET SEQ.
### [Against ALL DEFENDANTS]

31.     Plaintiff realleges the information set forth in Paragraphs 1-30 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

32.     At all times relevant herein, Defendants were "employers" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed more than 50 persons within 75 miles of the worksite where Plaintiff was employed.

33.     At the time Plaintiff requested the leaves of absence, Plaintiff had more than 12 months of service with Defendants and over 1250 hours of service with Defendants during the previous 12-month period. Plaintiff was an "eligible employee" as defined by the FMLA under 29 U.S.C. § 2611(2) and was entitled to up to 12 weeks of leave.

34.     Prior to taking a leave of absence, Plaintiff informed Defendants of the reasons he was requesting the leaves of absence, which qualified as valid reasons to take FMLA Leave.

-6-

35.     Some of the points accumulated due to the Plaintiff's absence in 2013, which resulted in Plaintiff's termination were related to his own serious health condition or due to the care of his wife's serious health condition.

36.     Defendants interfered with Plaintiff's leave by assessing a point for requesting the leaves of absence and or taking the leaves of absence, writing up, retaliating against and terminating Plaintiff. Defendants' actions were willful and a violation of the FMLA.

37.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages, as well as prejudgment interest, pursuant to 29 U.S.C. § 2617(a).

38.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

39.     As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 2617(a).

40.     The aforementioned conduct of Defendants was carried out in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a).

-7-

## FOURTH CAUSE OF ACTION

## RETALIATION FOR TAKING LEAVE UNDER THE FAMILY AND MEDICAL LEAVE ACT

### [Against ALL DEFENDANTS]

41.     Plaintiff realleges the information set forth in Paragraphs 1-40 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

42.     Plaintiff was written up, retaliated against and terminated for requesting and taking a protected leave under the FMLA. Defendants' actions were willful and a violation of the FMLA.

43.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages, as well as prejudgment interest, pursuant to 29 U.S.C. § 2617(a).

44.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

45.     As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 2617(a).

46.     The aforementioned conduct of Defendants was carried out in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a).

-8-

## FIFTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF THE
### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV. CODE
### SECTION 12940

**[Against ALL DEFENDANTS]**

47.     Plaintiff realleges the information set forth in Paragraphs 1-46 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

48.     The FEHA prohibits discrimination on the basis of disability.

49.     During Plaintiff's employment with Defendants, Plaintiff informed Defendants that he had a physical condition that limited his ability to work.  Plaintiff required a leave of absence and reasonable accommodations for his disability.

50.     Defendants adversely affected Plaintiff's employment by writing up Plaintiff for absences that relates to his disability and terminating Plaintiff's employment due to disability related absences.  Defendants' adverse actions were motivated by Plaintiff's disability, Defendants' perception of his disability, and/or Plaintiff's need for reasonable accommodations.

51.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

52.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

53.     As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

-9-

54.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

### SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF CAL. GOV'T CODE § 12940 ET SEQ
### [Against ALL DEFENDANTS]

55.     Plaintiff realleges the information set forth in Paragraphs 1-54 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

56.     Defendants, and each of them, failed to provide reasonable accommodation of Plaintiff's known disabilities in violation of Cal. Gov't Code 12940 et seq.

57.     Plaintiff suffered from a disability and informed Defendant of his disability during his employment with Defendants. Plaintiff required reasonable accommodations, including leaves of absence, for his disability.

58.     Rather than reasonably accommodate Plaintiff, Defendants ultimately terminated Plaintiff due to his disability related absences.

59.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

60.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

–10–

61.     As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

62.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

### SEVENTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF CAL. GOV. CODE § 12940, ET SEQ
### [Against ALL DEFENDANTS]

63.     Plaintiff realleges the information set forth in Paragraphs 1-62 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

64.     Defendants failed to engage in good faith interactive process to provide reasonable accommodation for Plaintiff's disabilities in violation of Cal. Gov't Code 12940 et seq.

65.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

66.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

-11-

67.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

68.     As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

69.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

## EIGHTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF FEHA
### [Against ALL DEFENDANTS]

70.     Plaintiff realleges the information set forth in Paragraphs 1-69 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

71.     Defendants adversely affected Plaintiff's employment by assessing points against Plaintiff and terminating his employment after Plaintiff requested protected leaves of absence, and reasonable accommodations.

72.     Defendants' conduct as alleged above constituted unlawful retaliation in employment on account of Plaintiff's protected activity in violation of California Government Code §§ 12940 and 12945.2.

73.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her

-12-

professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

74.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

75.    As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

76.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

## NINTH CAUSE OF ACTION
### FAILURE TO PREVENT HARASSMENT OR DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
### [Against ALL DEFENDANTS]

77.    Plaintiff realleges the information set forth in Paragraphs 1-76 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

78.    Section 12940 of the California Government Code provides that it is an unlawful employment practice for "an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." This duty to prevent harassment and discrimination is "affirmative and mandatory".

-13-

COMPLAINT FOR DAMAGES

79.      Plaintiff claims that Defendants failed to prevent discrimination based upon Plaintiff's disability and because he requested leave on the basis of his disability.

80.      As alleged in detail herein, Plaintiff was subjected to discrimination because of his disability and because he requested leave on the basis of his disability.

81.      Defendants failed to take reasonable steps to prevent the discrimination that occurred. Defendants' failure to take reasonable steps to prevent the discrimination was a substantial factor in causing Plaintiff harm.

82.      The above-described conduct was engaged in by various supervisors and Defendants' other supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

83.      As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

84.      As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment. Plaintiff is informed and believes and thereupon alleges that he will continue to experience emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

85.      As a proximate result of the wrongful acts of the aforementioned Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

86.      The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful

-14-

1   conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against

2   Defendants.

3                          **TENTH CAUSE OF ACTION**
4          **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
5                            **[Against ALL DEFENDANTS]**

6          87.     Plaintiff realleges the information set forth in Paragraphs 1-86 above, and

7   incorporates these paragraphs into this cause of action as if they were fully alleged herein.

8          88.     California maintains fundamental public policies permitting all employees to take

9   leave for their own serious health condition; to care for a child, parent, spouse or domestic partner

10  with a serious health condition; and/or to bond with a newborn baby until age 1, or with an adopted

11  or foster child up to age 18 within the first year of placement in their home. This public policy of the

12  State of California is designed to protect all employees and to promote the welfare and well-being of

13  the community at large.  Accordingly, the actions of Defendants in terminating Plaintiff's

14  employment on the grounds alleged and described herein were wrongful and in contravention of the

15  express public policy of the State of California, to wit, the policy set forth in California Government

16  Code § 12940 et seq., and the laws and regulations promulgated thereunder.

17         89.     Pursuant to California Labor Code Section 1102.5(b) An employer may not retaliate against

18  an employee for disclosing information to a government or law enforcement agency, where the employee has

19  reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation

20  or noncompliance with a state or federal rule or regulation.

21         90.     Plaintiff alleges that as a result of his 2012 EEOC complaint alleging that

22  Defendants were guilty of discrimination on the basis of race, Defendants retaliated against Plaintiff,

23  as described herein, and terminated his employment in contravention of well-established laws.

24         91.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

25  has suffered actual, consequential and incidental financial losses, including without limitation, loss of

26  salary and benefits, and the intangible loss of employment related opportunities in his field and

27  damage to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff

28  claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other

29  provision of law providing for prejudgment interest.

92.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

93.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## ELEVENTH CAUSE OF ACTION
## PROMISORRY ESTOPPEL

### [Against ALL DEFENDANTS]

94.     Plaintiff realleges the information set forth in Paragraphs 1-93 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

95.     Defendants made numerous clear and certain promises to Plaintiff including, but not limited to, representing that Plaintiff could take a protected FMLA/CFRA leave of absences.

96.     Plaintiff reasonably relied on Defendants promises and representations, and Plaintiff took leaves of absence.

97.     Defendants failed to perform according to their representations and terminated Plaintiff's employment.

98.     As a proximate result of the failure of Defendants, and each of them, to perform according to the promises and representations which they made to Plaintiff, all to Plaintiff's detrimental reliance on those promises, Plaintiff has suffered a loss of employment, and compensation all to his damage in an amount according to proof at the time of trial

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For general damages, according to proof;

2.     For special damages, according to proof;

-16-

3.   For loss of earnings, according to proof;

4.   For liquidated damages, according to proof

5.   For punitive and exemplary damages, according to proof;

6.   For prejudgment interest, according to proof;

7.   For injunctive relief, including returning Plaintiff to his original position;

8.   For attorneys' fees, according to proof;

9.   For costs of suit incurred herein; and

10.   For such other relief and the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial as provided by § 631 of the California Code of Civil Procedure.

DATED: January 20, 2015                                 LAW OFFICES OF MORRIS NAZARIAN

By: _____
MORRIS NAZARIAN
Attorneys for Plaintiff
JERROD FINDER

~17~

**COMPLAINT FOR DAMAGES**

# EXHIBIT B

**CM-010**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
Morris Nazarian (SBN 230275)
Law Offices of Morris Nazarian
1925 Century Park East, Suite 2120
Los Angeles, CA 90067
TELEPHONE NO.: (310) 284-7333   FAX NO.: (310) 284-7332
ATTORNEY FOR *(Name):* Jerrod Finder

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED ON

JAN 28 2015

JEFFREY ...
SUPERIOR COURT ... CALIFORNIA
COUNTY OF KINGS
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Kings**
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS: 1426 South Drive
CITY AND ZIP CODE: Hanford, 93230
BRANCH NAME: Hanford Courthouse

CASE NAME:
JERROD FINDER v. LEPRINO FOODS COMPANY et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **15 C0016** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [✓] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 11
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1.20.2015
Morris Nazarian
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex case type listed above*) (41)
Enforcement of Judgment
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

# EXHIBIT C

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LEPRINO FOODS COMPANY, a Colorado Corporation;
Additional Parties Attachment Form is Attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JERROD FINDER, an individual.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Hanford Courthouse<br>1426 South Drive, Hanford, CA. 93230<br>Superior Court of California, County of Kings | **CASE NUMBER:** *(Número del Caso):*<br>15 C0016 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Morris Nazarian, Esq., 1925 Century Park East, Suite 2120, Los Angeles, CA 90067, (310) 284-7333

| DATE: *(Fecha)* JAN 28 2015 | Clerk, by JEFFREY E. LEWIS *(Secretario)* | KARIN NOBLE | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):* Leprino Foods Company.

   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

[COURT SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JERROD FINDER v. LEPRINO FOODS COMPANY et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1 through 50, inclusive.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
LEPRINO FOODS COMPANY, a Colorado Corporation;
Additional Parties Attachment Form is Attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JERROD FINDER, an individual.

| | |
|---|---|
| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): Hanford Courthouse | CASE NUMBER:<br>(Número del Caso): |
|---|---|
| 1426 South Drive, Hanford, CA. 93230<br>Superior Court of California, County of Kings | 15 C0016 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Morris Nazarian, Esq., 1925 Century Park East, Suite 2120, Los Angeles, CA 90067, (310) 284-7333

| DATE:<br>(Fecha) JAN 2 9 2015 | JEFFREY E. LEWIS | Clerk, by<br>(Secretario) | KARLA DELL | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Leprino Foods Dairy Products Company.
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

COURT SEAL

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JERROD FINDER v. LEPRINO FOODS COMPANY et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (*Check only one box. Use a separate page for each type of party.*):

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

**LEPRINO FOODS DAIRY PRODUCTS COMPANY**, a Colorado Corporation; and DOES 1 through 50, inclusive.

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) (Rev. January 1, 2007)

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

# EXHIBIT D

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br>1426 South Drive  Hanford CA  93230 | CONFORMED COPY<br>ORIGINAL FILED ON<br><br>FEB  2 2015<br><br>····· |
| PLAINTIFF:  JERROD FINDER | |
| DEFENDANT:  LEPRINO FOODS COMPANY, et al | |
| Notice of Assignment and Case Management Conference | CASE NUMBER:<br>15C-0016 |

**TO ALL INTERESTED PARTIES:** Pursuant to the Standing Order Regarding Judicial Assignments, you are hereby notified that this case is assigned to **No Judicial Officer Assigned** for all purposes (i.e., motions, pre-trials, settlement conferences, trials, post review hearings).

You are further notified that a *Mandatory Case Management Conference* has been scheduled in this matter as set forth below.  All parties must be ready to discuss all issues described in California Rule of Court, Rule 3.728.

| Date: June 15, 2015 | Time:  9:00 a.m. | Location: 4 |
|---|---|---|
| Address of the Court: <u>1426 South</u> Drive  Hanford CA  93230 | | |

**Notice to Defendant[s]:** The Case Management Conference is not a trial. You will need to preserve your rights by filing a written response within thirty [30] days of the date you were served with the Summons and Complaint.  You must also have the Plaintiff served with a copy of the response you file with the court.  A letter or phone call will not protect you.  Your written response must be in proper legal format if you want the court to hear your case.  There may be a court form that you can use for your response. If you do not do so, a judgment may be obtained against you.  If a judgment is obtained prior to the Case Management Conference date, the Case Management Conference will be cancelled.

Parties are also required to meet and confer no later than thirty [30] calendar days before the above-referenced case management conference date as required in California Rule of Court 3.728

It is the plaintiff's responsibility to notify all parties of the case management conference who are not otherwise listed on the attached proof of service by mail.

All requests for telephonic appearances must be requested in writing at least 10 court days prior to the scheduled hearing.

No later than fifteen [15] days prior to the date set above, each party must file a Case Management Statement (Judicial Council form CM-110). If two or more parties so desire, they may file a joint case management statement.

Dated: 2/2/2015

Jeffrey E. Lewis, Clerk of Court

KARIN NOBLE

By: Karin Noble, Deputy Clerk

PROOF OF SERVICE BY MAIL
-o0o-

Superior Court of the State of California   } Case Number: **15C-0016**
County of Kings                       ss.  }

     I hereby declare under penalty of perjury that I am employed by the Kings County Superior

Court, over the age of eighteen (18) years, and not a party to the within action.

     That on **February 2, 2015** I served the attached by placing a true copy thereof, enclosed in a

sealed envelope and deposited at my place of business for collection and mailing with the United States

mail at  Hanford, California, following our ordinary business practices with which I am readily familiar,

addressed as follows:

| Morris Nazarian, Esq. | |
| Law Offices of Morris Nazarian | |
| 1925 Century Park East, Ste. 2120 | |
| Los Angeles, CA  90067 | |
| Attorney for Plaintiff | |

Executed on **February 2, 2015,** at Hanford, California.

                  JEFFREY E. LEWIS, Clerk of the Court

                  By:**Karin Noble,** Deputy Clerk

**EXHIBIT E**

CONFORMED COPY
ORIGINAL FILED ON

FEB 1 8 2015

JEFFREY E. LEWIS, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____DEPUTY

1  HANSON BRIDGETT LLP
   SANDRA L. RAPPAPORT, SBN 172990
2  srappaport@hansonbridgett.com
   EMILY H. FULMER, SBN 279419
3  efulmer@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, California 94105
   Telephone:   (415) 777-3200
5  Facsimile:   (415) 541-9366

6  Attorneys for Defendants LEPRINO FOODS
   COMPANY and LEPRINO FOODS DAIRY
7  PRODUCTS COMPANY

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF KINGS

11

12  JERROD FINDER, an individual,          CASE NO. 15C-0016

13         Plaintiff,                       *Assigned For All Purposes To:*
                                            *Hon. James LaPorte, Dept. 4*
14         v.

15  LEPRINO FOODS COMPANY, a Colorado       DEFENDANTS LEPRINO FOODS
    Corporation; LEPRINO FOODS DAIRY        COMPANY AND LEPRINO FOODS
16  PRODUCTS COMPANY, a Colorado            DAIRY PRODUCTS COMPANY'S
    Corporation; and DOES 1 through 50,     ANSWER TO COMPLAINT AND
17  inclusive,                              AFFIRMATIVE DEFENSES

18         Defendants.                       Action Filed:    January 28, 2015

19                        **GENERAL DENIAL**

20      Defendants LEPRINO FOODS COMPANY and LEPRINO FOODS DAIRY PRODUCTS

21  COMPANY ("Defendants"), under California Code of Civil Procedure §431.30(d), generally deny

22  each and every material allegation contained in Plaintiff JERROD FINDER's ("Plaintiff")

23  Complaint and further deny that Plaintiff has suffered damages in the manner alleged or in any

24  amount as a result of the alleged acts and omissions of Defendants.

25             **SEPARATE AND AFFIRMATIVE DEFENSES**

26      Defendants allege the affirmative defenses set forth herein as to each and every cause of

27  action and claim for relief asserted in the Complaint unless specified otherwise. By pleading these

28  affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element

10890274.1                                            Case No. 15C-0016
DEFENDANTS LEPRINO FOODS COMPANY AND LEPRINO FOODS DAIRY PRODUCTS COMPANY'S ANSWER TO
COMPLAINT AND AFFIRMATIVE DEFENSES

1  of a cause of action where such burden belongs to the Plaintiff.

2  The Complaint is vague, ambiguous, indefinite and uncertain. Therefore, Defendants

3  reserve the right to amend or supplement their affirmative defenses asserted herein, and to present

4  evidence support of different or additional defenses upon ascertaining the specific nature of the

5  claims asserted by Plaintiff against Defendants.

**FIRST DEFENSE**

7  Plaintiff's Complaint does not allege facts sufficient to state a claim upon which relief may

8  be granted.

**SECOND DEFENSE**

10  Plaintiff's claims are barred, in whole or in part, to the extent they allege actions barred by

11  the applicable statutes of limitations, including but not limited to, those set forth in the Family and

12  Medical Leave Act, 29 USC § 2617, California Government Code §§ 12960 and 12965(b),

13  California Code of Civil Procedure §§ 335.1, 337(1) and/or 339(1), as well as any other statutes

14  that might include applicable time bars.

**THIRD DEFENSE**

16  To the extent that Plaintiff seeks to allege a cause of action under the California Family

17  Rights Act, Defendants alleges that the Court lacks subject matter jurisdiction over any

18  discrimination, harassment, and/or retaliation claims and allegations in the Complaint which are

19  not contained in a timely administrative charge filed by Plaintiff with the California Department of

20  Fair Employment and Housing and/or the United States Equal Employment Opportunity

21  Commission.

**FOURTH DEFENSE**

23  To the extent Plaintiff seeks to allege a cause of action under the California Family Rights

24  Act, Defendants are informed and believe and thereon allege that Plaintiff has failed to comply

25  with applicable procedural and administrative prerequisites, including the exhaustion of his

26  administrative remedies with state and/or federal agencies, including but not limited to the Equal

27  Employment Opportunity Commission or California Department of Fair Employment and

28  Housing, and/or that Plaintiff's Cause of Action relies on allegations which were not contained in

10890274.1

-2-                                                                      Case No. 15C-0016

1  timely complaints filed with the California Department of Fair Employment and Housing and/or

2  the United States Equal Employment Opportunity Commission.

3  **FIFTH DEFENSE**

4      Plaintiff's claims are barred to the extent that Defendants acted in accordance with the

5  applicable law and state regulations in effect during the relevant time periods.

6  **SIXTH DEFENSE**

7      Defendants allege that all actions and conduct by Defendants about which Plaintiff

8  complains would have been made or taken regardless of any wrongful conduct alleged, and all

9  actions by Defendants about which Plaintiff complains were made without oppression, fraud or

10  malice and were made in good faith for just, fair, privileged, justified, non-harassing, non-

11  discriminatory, non-retaliatory and legitimate business reasons, based on all relevant facts and

12  circumstances known by Defendants at the time they acted.

13  **SEVENTH DEFENSE**

14      Any recovery on the Complaint is barred, in whole or in part, because Defendants' alleged

15  conduct was privileged, undertaken with a good faith belief that good cause existed for any

16  disputed conduct or actions taken, pursuant to a just and proper exercise of management discretion

17  and the disputed conduct was not done without probable cause or in bad faith.

18  **EIGHTH DEFENSE**

19      Plaintiff's claims are barred, in whole or in part, to the extent Defendants have discovered,

20  or will discover, additional evidence indicating that Plaintiff engaged in conduct before or while

21  Plaintiff was employed by Defendants that precludes or limits his assertion of the claims for relief

22  and/or damages presented in the Complaint.

23  **NINTH DEFENSE**

24      Plaintiff's claims are barred, in whole or in part, because Defendants had in place and

25  implemented in good faith, policies, procedures and other measures that were reasonably designed

26  to prevent workplace discrimination and/or retaliation, Plaintiff unreasonably failed to invoke

27  those measures or to take other corrective action regarding any perceived discrimination and/or

28  retaliation, and, to the extent Plaintiff suffered any harm (which Defendants deny), the reasonable

DEFENDANTS LEPRINO FOODS COMPANY AND LEPRINO FOODS DAIRY PRODUCTS COMPANY'S ANSWER TO
COMPLAINT AND AFFIRMATIVE DEFENSES

1  use of such policies, procedures and other measures would have prevented some or all of that

2  harm.

### TENTH DEFENSE

4    Defendants allege that Plaintiff's claim for punitive damages is barred because, at the time

5  of the alleged acts giving rise to Plaintiff's claim for punitive damages, Defendants had

6  implemented one or more policies that prohibited the alleged acts and/or otherwise made good

7  faith efforts to comply with applicable law.

### ELEVENTH DEFENSE

9    Defendants allege that they have satisfied the conditions of California Labor Code Section

10  3706, and that, as a result, Plaintiff's claims for physical injury and emotional distress damages

11  are barred, in whole or in part, by the exclusive remedial provisions of California Labor Code

12  Sections 3600, *et seq.*

### TWELFTH DEFENSE

14    Plaintiff's claims are barred in whole or in part by the doctrine of consent.

### THIRTEENTH DEFENSE

16    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### FOURTEENTH DEFENSE

18    Plaintiff's claims are barred, in whole or in part, by the doctrine of *laches* and/or unclean

19  hands.

### FIFTEENTH DEFENSE

21    Plaintiff's claims are barred, in whole or in part, to the extent that he failed to make

22  reasonable efforts to mitigate his damages, if any.

### SIXTEENTH DEFENSE

24    Any request for equitable relief is moot in that conduct and activities of Defendants

25  conform to applicable law.

### SEVENTEENTH DEFENSE

27    Plaintiff's claims are barred in whole or in part to the extent that he was party to any

28  settlement agreements, releases, or waivers of claims.

10890274.1                                                                                    Case No. 15C-0016

1

### EIGHTEENTH DEFENSE

2       Defendant LEPRINO FOODS DAIRY PRODUCTS COMPANY is improperly

3   joined/named in this action because at no time was Plaintiff employed by LEPRINO FOODS

4   DAIRY PRODUCTS COMPANY, nor is LEPRINO FOODS DAIRY PRODUCTS COMPANY

5   jointly or severally liable for the conduct alleged in the Complaint. As a result, there is a defect or

6   misjoinder of parties pursuant to Section 430.10(d) of the Code of Civil Procedure. Plaintiff's

7   action should not be permitted to proceed against Defendant LEPRINO FOODS DAIRY

8   PRODUCTS COMPANY.

9

### NINETEENTH DEFENSE

10       Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral

11   estoppel, or the doctrine barring duplicative litigation, to the extent that Plaintiff asserted or could

12   have asserted the same or similar claims in any other judicial, administrative, or arbitral forum.

13

### RESERVATION OF RIGHTS

14       Defendants reserve their right to assert additional affirmative defenses if Defendants

15   become aware of the existence of such defenses arising during the course of discovery.

16       WHEREFORE, Defendants pray for relief as follows:

17       1.    That Plaintiff take nothing by this action;

18       2.    That judgment be entered in Defendants' favor;

19       3.    That Defendants recover costs in this proceeding, including reasonable attorneys'

20   fees; and

21       4.    That the Court grant such other and further relief as it deems appropriate

22

23   DATED: February 18, 2015               HANSON BRIDGETT LLP

24

25                               By: *Emily Fulmer*

26                                SANDRA L. RAPPAPORT

                                 EMILY H. FULMER

27                  Attorneys for Defendants LEPRINO FOODS

               COMPANY and LEPRINO FOODS DAIRY

                    PRODUCTS COMPANY

28

DEFENDANTS LEPRINO FOODS COMPANY AND LEPRINO FOODS DAIRY PRODUCTS COMPANY'S ANSWER TO
COMPLAINT AND AFFIRMATIVE DEFENSES

1                        **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3       At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 425 Market

4 Street, 26th Floor, San Francisco, CA 94105.

5       On February 18, 2015, I served a true copy(ies) of the following document(s) described as:

6      1.       **DEFENDANTS LEPRINO FOODS COMPANY AND LEPRINO FOODS DAIRY PRODUCTS COMPANY'S ANSWER TO COMPLAINT AND**

7             **AFFIRMATIVE DEFENSES**

8 on the interested parties in this action as follows:

9      Morris Nazarian, Esq.                *Attorneys for Plaintiff Jerrod Finder*
     Law Offices of Morris Nazarian

10      1925 Century Park East, Suite 2120
     Los Angeles, CA 90067

11      Telephone:    (310) 284-7333
     Facsimile:     (310) 284-7332

12

13       **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing,

14 following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that the

15 correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

16       I declare under penalty of perjury under the laws of the State of California that the

17 foregoing is true and correct.

18       Executed on February 18, 2015, at San Francisco, California.

19

20                                   TERESA E. VILLICAÑA

21

22

23

24

25

26

27

28

Case No. 15C-0016

PROOF OF SERVICE (DEFTS.' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES)

**EXHIBIT F**



<table>
<tr><td>

**ATTORNEY OR PARTY WITHOUT ATTORNEY:**

Law Offices Of Morris Nazarian
1925 Century Park East, Ste 2100
Los Angeles, CO 90067

TELEPHONE NO.: (310) 284-7333

ATTORNEY FOR: Jerrod Finder

</td><td>

CONFORMED COPY
FOR COURT USE ONLY
ORIGINAL FILED ON

FEB 17 2015

JEFFREY L LEVAS, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
DEPUTY

</td></tr>
</table>

**COURT OF CALIFORNIA, COUNTY OF KINGS**

1426 South Drive, Hanford, CA 93230

| | |
|---|---|
| PLAINTIFF: Jerrod Finder, an individual. | **CASE NUMBER:** |
| DEFENDANTS: Leprino Foods Company, a Colorado Corporation; Leprino Foods Dairy Products Company, a Colorado Corporation; and Does 1 through 50, Inclusive, | 15C 0016 |
| **PROOF OF SERVICE** | Ref. No. or File No.: |

1. I am over 18 years of age and not a party to this action.

2. Received by On Time Legal Process Serving LLC on 2/2/2015 at 4:24 pm to be served on Leprino Foods Company, 1830 W 38th Ave, Denver, CO 80211.

3. Served by Delivering a true copy of the Summons, Complaint For Damages, Injunctive Relief, And Restitution; with the date and hour of service endorsed thereon by me, to: Karen McTravish as Senior Staff Attorney, at 1830 W 38th Ave, Denver, CO 80211 who stated they are authorized to accept on behalf of: Leprino Foods Company and informed said person of the contents therein, in compliance with state statutes

4. Date and Time of service:   2/3/2015 at 2:02 pm

5. My name, address, telephone number, and, if applicable, county of registration and number are:
   Name: Linda Oswald
   Firm: On Time Legal Process Serving LLC
   Address: 3758 E 104th Ave #160, Thornton, CO 80233
   Telephone number: (303) 993-8093
   Registration Number: Process Server
   County: All Areas
   The fee for the service was: $60.00

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2-6-15

Linda Oswald
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶ *Linda Oswald*
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Page 1 of 1

**PROOF OF SERVICE**                    Job Number OSW-2015000066

# EXHIBIT G



| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| Law Offices Of Morris Nazarian<br>1925 Century Park East, Ste 2170<br>Los Angeles, CO 96067<br><br>TELEPHONE NO.: (310) 284-7333<br><br>ATTORNEY FOR:  Jerrod Finder | CONFORMED COPY<br>ORIGINAL FILED ON<br><br>FEB 17 2015<br><br>JEFFREY L. LEWIS, CLERK OF COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA |

| COURT OF CALIFORNIA, COUNTY OF KINGS<br>1426 South Drive, Handord, CA 93230 | |
|---|---|
| PLAINTIFF: Jerrod Finder, an individual.<br>DEFENDANTS: Leprino Foods Company, a Colorado Corporation;<br>Leprino Foods Dairy Products Company, a Colorado<br>Corporation; and Does 1 through 50, inclusive, | CASE NUMBER:<br>15C 0016 |
| **PROOF OF SERVICE** | Ref. No. or File No.: |

1. I am over 18 years of age and not a party to this action.

2. Received by On Time Legal Process Serving LLC on 2/2/2015 at 4:24 pm to be served on Leprino Foods Dairy Products Company, 1830 W 38th Ave, Denver, CO 80211.

3. Served by Delivering a true copy of the Summons, Complaint For Damages, Injunctive Relief, And Restitution: with the date and hour of service endorsed thereon by me, to: Karen McTravish as Senior Staff Attorney, at 1830 W 38th Ave, Denver, CO 80211 who stated they are authorized to accept on behalf of: Leprino Foods Dairy Products Company  and informed said person of the contents therein, in compliance with state statutes

4. Date and Time of service:  2/3/2015 at 5:15 pm

5. My name, address, telephone number, and, if applicable, county of registration and number are:
   Name: Linda Oswald
   Firm: On Time Legal Process Serving LLC
   Address: 3758 E 104th Ave #1C0, Thornton, CO 80233
   Telephone number: (303) 993-8093
   Registration Number: Process Server
   County: All Areas
   The fee for the service was: $20.00

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  2/6/15

_____          ▶ _____
Linda Oswald                                         (SIGNATURE OF PERSON WHO SERVED THE PAPERS)
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

Page 1 of 1

**PROOF OF SERVICE**          Job Number OSW-2015000067

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3

4

     At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is 425 Market Street, 26th Floor, San Francisco, CA  94105.

5

     On February 26, 2015, I served a true copy(ies) of the following document(s) described as:

6

7

    1.     **DEFENDANTS LEPRINO FOODS COMPANY AND LEPRINO FOODS DAIRY PRODUCTS COMPANY'S NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(a) (Federal Question)**

8

on the interested parties in this action as follows:

9

10

11

12

Morris Nazarian, Esq.                        *Attorneys for Plaintiff Jerrod Finder*
Law Offices of Morris Nazarian
1925 Century Park East, Suite 2120
Los Angeles, CA  90067
Telephone:    (310) 284-7333
Facsimile:    (310) 284-7332

13

14

15

     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

16

17

18

     **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

19

20

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

21

     Executed on February 26, 2015, at San Francisco, California.

22

23

24

                                           _____
                                         TERESA E. VILLICAÑA

25

26

27

28

10932018.1

Case No.

PROOF OF SERVICE (DEFTS.' NOTICE OF REMOVAL)